UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

JESSE J. PRISCO,

                              Plaintiffs,

    -against-

VILLAGE OF OCEAN BEACH, OCEAN BEACH
POLICE DEPARTMENT, SARGENT GEORGE
HESSE and POLICE OFFICER ARNOLD HARDMAN,

                              Defendants.
-----------------------------------------------------------------X



CV 07 - 3213

DOCKET NO.:
SEYBERT, J.

COMPLAINT
WALL, M.J.

JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 03 2007 ★
BROOKLYN OFFICE

    Plaintiff, JESSE J. PRISCO (hereinafter referred to as "PRISCO"), by his attorneys, ARYE, LUSTIG & SASSOWER, P.C., complaining of the above-named defendants, hereby allege as follows upon personal knowledge and information and belief

## NATURE OF ACTION

    1.    This is an action for money damages, attorneys fees, costs, and such other, further and different relief as to this Court may seem just and proper against the defendants for violations of the plaintiffs' civil, constitutional and statutory rights.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is grounded upon 28 U.S.C. § 1331, 1343 (3) and (4), and the aforementioned statutory and constitutional provisions.

1

3. The plaintiff further invoke pendent jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims which arise out of state law (hereinafter referred to as the "State Claims").

Plaintiff has complied with all of the necessary prerequisites to file this complaint.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 139(b)(1), this being the District in which at least one of the defendants reside.

## PARTIES

5. Plaintiff was and still is a Citizen of the United States and resides at 267 West Clove Mountain Road, Lagrangeville, New York.

6. The defendant, VILLAGE OF OCEAN BEACH (hereinafter referred to as "VILLAGE"), was and is a municipal corporation existing under and by virtue of the laws of the State of New York.

7. The defendant, OCEAN BEACH POLICE DEPARTMENT (hereinafter referred to as "POLICE DEPARTMENT"), was and is an agency and/or department of the defendant, VILLAGE, duly organized and existing under and by virtue of the laws of the defendant, VILLAGE, and the State of New York.

8. That at all times herein mentioned, defendant, GEORGE HESSE (hereinafter referred to as "HESSE"), was a police officer with the rank of Sergeant employed by the defendant, POLICE DEPARTMENT and/or defendant, VILLAGE.

2

9. That at all times herein mentioned, defendant, ARNOLD HARDMAN, was a police officers employed by the defendant, POLICE DEPARTMENT and/or defendant, VILLAGE.

10. That at all times herein mentioned, the defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs, and practices of the defendants, VILLAGE, the POLICE DEPARTMENT and/or the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF

11. This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-10 with the same force and effect as if more fully set forth at length herein.

12. That on August 8, 2004, the plaintiff, PRISCO, was detained by defendant police officers.

13. That while the plaintiff, PRISCO, was being detained by said defendant police officers and in their custody and the custody of defendants, VILLAGE and POLICE DEPARTMENT, he was attacked and struck numerous times about his body, including on his face, head, arms, abdomen and legs.

14. That the aforesaid attack was perpetrated upon plaintiff, PRISCO, by the defendant Police Officers.

15. That the aforesaid attack constituted an unlawful assault and battery and was perpetrated upon plaintiff, PRISCO, by the aforesaid defendant police officers without just cause or provocation.

16. That at all times herein mentioned, the defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendants, VILLAGE and POLICE DEPARTMENT.

17. That aforesaid attack against the plaintiff, PRISCO, deprived him of his constitutional right to be free from cruel and unusual punishment, to be secure in his person, to be free from unlawful and unreasonable seizure of his person, to be deprived of his liberty and due process, all in violation of his rights guaranteed under the Fourth, Eighth and Fourteenth Amendment of the Constitution of the United States.

18. That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, VILLAGE, POLICE DEPARTMENT and HESSE.

19. That the aforesaid attack committed upon the plaintiff, PRISCO, was in violation of the plaintiff's civil rights under 42 U.S.C. §1983.

20. That as a result of the aforesaid, plaintiff, PRISCO, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, PRISCO, and without any just cause or provocation.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, PRISCO, UNDER THE FEDERAL CLAIMS

21. This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-20 with the same force and effect as if more fully set forth at length herein.

22. That during the course of the aforesaid attack, and thereafter, the defendants, Non-Command Police Officers and HESSE, unlawfully and improperly detained, incarcerated and imprisoned plaintiff, PRISCO, and falsely arrested him and deprived him of his right to legal counsel, without probable cause or justification.

23. The at all times herein mentioned, the defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendant, VILLAGE and defendant, POLICE DEPARTMENT.

24. That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, VILLAGE POLICE DEPARTMENT, and HESSE.

25. That the aforesaid unlawful imprisonment and false arrest committed upon the plaintiff, PRISCO, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

26. That as a result of the aforesaid, plaintiff, PRISCO, was caused to suffer serious and severe personal injuries, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, PRISCO, and without any just cause or provocation.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, PRISCO

27. Plaintiff, PRISCO, repeats, reiterates and realleges each and every allegation contained in paragraphs 1-26; with the same force and effect as if the same were more fully set forth at length herein.

28. After the aforesaid attack was committed upon the person of the plaintiff, PRISCO, he was visibly and obviously severely injured, in extreme distress.

29. Thereafter, and while plaintiff, PRISCO, was in the custody and control of the defendant Police Officers, the said police officers delayed and denied said plaintiff immediate and necessary medical attention thereby aggravating and/or exacerbating the injuries that the said defendant police officers inflicted upon him, thus jeopardizing plaintiff's life and well-being.

30. That the denial of medical care by the said defendants caused the plaintiff, PRISCO, to be deprived of the right to be secure in his person, free from cruel and unusual punishment, free from unlawful and unreasonable seizure of his person, all in violation of his rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

31. The at all times herein mentioned, the said defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendant, VILLAGE and defendant, POLICE DEPARTMENT.

32. That the foregoing deprivation of constitutional rights, as aforesaid, was promoted, condoned, ratified and/or approved by defendants, VILLAGE POLICE DEPARTMENT and HESSE.

33.     That the aforesaid deprivation of medical treatment committed upon the plaintiff, was in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

34.     That as a result of the aforesaid, plaintiff, PRISCO, was caused to suffer serious and severe personal injuries, theft of personal property, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, PRISCO, and without any just cause or provocation.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, PRISCO

35.     This plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1-34, with the same force and effect as if more fully set forth at length herein.

36.     That the defendants, acting individually and acting in concert, sought to cover-up their aforesaid unlawful conduct and the deprivations and violations of plaintiff, PRISCO's, constitutional and civil rights, and to deprive plaintiff, PRISCO, of his lawful right to seek redress therefor (hereinafter referred to as the "Cover-Up Scheme").

37.     That pursuant to the Cover-Up Scheme, and in furtherance thereof, defendant Police Officers, acting under color of State Law, undertook a course of conduct that violated the civil rights of the plaintiff, PRISCO, to wit:

    a.     They agreed and acted intentionally and falsely to issue criminal summonses to the plaintiff for resisting arrest and disorderly conduct;

    b.     They agreed and acted intentionally to fabricate and contrive criminal charges against the said plaintiff;

      c.      They agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges against the said plaintiff;

      d.      They agreed and acted intentionally to fabricate and contrive criminal charges against the said plaintiff in order to falsely create justification for the aforesaid attack committed upon him, as aforesaid;

      e.      They agreed and acted together and/or with others to cover up the use of improper force and/or to inhibit any investigation into the aforesaid defendant police officers' use of improper and unlawful force.

38. Pursuant to the Cover-Up Scheme, and in furtherance thereof, defendants, Police Officers, did unlawfully and maliciously cause plaintiff, PRISCO, to be subjected to criminal prosecution which charges were false and baseless.

39. That the Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, caused the plaintiff, PRISCO, to be deprived of the right to be secure in his person, free from cruel and unusual punishment, free from unlawful and unreasonable seizure of his person, all in violation of his rights guaranteed under the First, Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

40. That at all times herein mentioned, the defendant police officers were acting under color of State law with the authority bestowed upon them by the statutes, ordinances, rules, regulations, policies, customs and practices of the defendants, VILLAGE and POLICE DEPARTMENT.

41. That the aforesaid Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, were promoted, condoned, ratified and/or approved by the defendants, VILLAGE, POLICE DEPARTMENT and HESSE.

42. That the Cover-Up Scheme, and the acts committed pursuant thereto and in furtherance thereof, were in violation of the plaintiff's civil rights under 42 U.S.C.§1983.

43. That as a result of the aforesaid, plaintiff, PRISCO, was caused to suffer serious and severe personal injuries, damage to his reputation, as well as deprivation and violation of his constitutional and civil rights, without any culpable conduct on the part of the plaintiff, PRISCO, and without any just cause or provocation.

WHEREFORE, plaintiff, demands a trial by jury on all issues set forth herein pursuant to F.R.C.P. 38(b); and demands judgment against the defendants, and each of them, in the First, Second, Third and Fourth Causes of Action under the Federal Claims for TEN MILLION ($10,000,000) DOLLARS in compensatory damages and TEN MILLION ($10,000,000) DOLLARS for punitive damages, further demands the costs, interest and attorneys fees in this action.

Dated: New York, New York
August 3, 2007

_____
D. CARL LUSTIG, III (6891)